Case 3:25-cv-00284   Document 35   Filed 02/20/26 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
February 20, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| CHASE BACHMAN, *et al.*, § § Plaintiffs. § § v. § § MARIO SERRATOS, *et al.*, § § Defendants. § | CIVIL ACTION NO. 3:25-cv-00284 |

## OPINION AND ORDER

Pending before me is Defendant Mario Serratos's motion to dismiss. *See* Dkt. 30. Having reviewed the briefing, the record, and the applicable law, I grant the motion.

### BACKGROUND[1]

Plaintiffs Chase Bachman and Andrew Niles are the owners of a single-family residence in Galveston County, Texas. Plaintiffs allege that Defendants Dora Martinez and Serratos "jointly operated a flooring business under the trade name 'K & J Flooring.'" Dkt. 24 at 2. Plaintiffs also claim that "'K & J Flooring' is a trade name duly registered in Harris County, Texas, under which Defendant Dora Martinez does business." *Id.*

According to the operative complaint, "Plaintiffs entered into a valid and enforceable agreement with K & J Flooring . . . in early February 2024 for the installation and refinishing of wood and tile flooring in their Galveston home." *Id.* at 3. Plaintiffs further allege that "[t]he parties agreed the scope of work would include removal of portions of the existing historic Heart Pine flooring, installation

---

[1] The background section is taken from the live pleading, the Second Amended Complaint, and is accepted as true for purposes of ruling on Serratos's motion to dismiss. *See Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (in reviewing a Rule 12(b)(6) motion to dismiss, a court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.").

of new matching Heart Pine planks, tiling, and refinishing of the entire area to match." *Id.* After problems emerged with the flooring, Plaintiffs learned that K & J Flooring had installed a different type of hardwood flooring—Southern Yellow Pine—instead of the Heart Pine that had been promised. Southern Yellow Pine is softer, less expensive, and less durable than Heart Pine.

In the Second Amended Complaint, Plaintiffs bring causes of action against Martinez and Serratos for: (1) breach of contract; and (2) Texas Deceptive Trade Practices Act ("DTPA") violations. Serratos moves to dismiss all claims against him, asserting that Plaintiffs have failed to state a claim that would entitle them to relief.

## LEGAL STANDARD

A defendant may move to dismiss a complaint when a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). Conversely, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (cleaned up).

When evaluating a Rule 12(b)(6) motion, I accept "all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *Cummings v. Premier Rehab Keller, P.L.L.C.*, 948 F.3d 673, 675 (5th Cir. 2020) (quotation omitted). I "do not, however, accept as true legal conclusions, conclusory

2

statements, or naked assertions devoid of further factual enhancement." *Benfield v. Magee*, 945 F.3d 333, 336–37 (5th Cir. 2019) (cleaned up). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

### A.   DTPA CLAIM

I will start with the DTPA claim. Serratos argues that Plaintiffs' "DTPA claim fails as to Serratos because Plaintiffs allege no personal participation or misrepresentation by him." Dkt. 30 at 4 (cleaned up). Plaintiffs retort that K & J Flooring is a de facto partnership, and "as a partner in K&J Flooring, Serratos can be held liable under the DTPA, whether he personally performed the work or not." Dkt. 33 at 9 (cleaned up).

#### 1.   *Personal Involvement*

The DTPA permits a consumer to sue any person whose "false, misleading, or deceptive act or practice" is the producing cause of the consumer's harm. Tex. Bus. & Com. Code § 17.50(a)(1). A defendant's personal involvement is required for liability to attach under the DTPA. *See Miller v. Keyser*, 90 S.W.3d 712, 717 (Tex. 2002) (holding that an individual can be held personally liable under the DTPA only "if there is evidence that the agent personally made misrepresentations.").

In their operative complaint, Plaintiffs fail to allege *any* personal involvement by Serratos in a misrepresentation or deceptive act. Rather, Plaintiffs allege that "*Martinez* represented that K & J would install R.L. Colston 5.25[-inch] Heart Pine flooring but instead intentionally purchased and installed a different product—a significantly cheaper and materially inferior 5[-inch] Pine Character Missouri flooring milled from Southern Yellow Pine—without Plaintiffs' knowledge or approval." Dkt. 24 at 7 (emphasis added). Although Plaintiffs cursorily allege that they "paid for premium Heart Pine flooring based on *Defendants'* representations," *id.* at 4 (emphasis added), there are no specific

misrepresentations or deceptive acts attributed to Serratos. The substantive allegations in the Second Amended Complaint tie Martinez—not Serratos—to representations about the type of hardwood being installed. *See id.* at 12–13 (providing copies of text messages from Martinez stating that "the wood that [Plaintiffs] got is pine" and confirming installation of specific wood in downstairs area).[2] Because Plaintiffs fail to plead personal participation by Serratos, their DTPA claim against him must be dismissed.

### 2. *De Facto Partnership*

Next, Plaintiffs argue that K & J Flooring is likely a de facto partnership, and that Serratos is liable under the DTPA by virtue of his position as a general partner in K & J Flooring. *See* Dkt. 33 at 3, 9. This argument is unavailing.

First, Plaintiffs acknowledge in the operative complaint that K & J Flooring is nothing more than a trade name. *See* Dkt. 24 at 2 ("Defendants jointly operated a flooring business under the trade name 'K & J Flooring.'"). "A trade name is a designation that is adopted and used by a person either to designate a good he markets, a service he renders, or a business he conducts." *Comm'n for Law. Discipline v. C.R.*, 54 S.W.3d 506, 515 (Tex. App.—Fort Worth 2001, pet. denied). "[I]t is well-settled that a trade name has no legal existence." *Kahn v. Imperial Airport, L.P.*, 308 S.W.3d 432, 438 (Tex. App.—Dallas 2010, no pet.); *see also Davis v. Raney Auto Co.*, 249 S.W. 878, 878 (Tex. Civ. App.—Texarkana 1923, no writ) (trade name "has no actual or legal existence"). In their response to the motion to dismiss, Plaintiffs expressly recognize that K & J Flooring is not a legally distinct entity. *See* Dkt. 33 at 4 ("A DBA is not an entity at all; a DBA is a trade name and has nothing to do with the structure or ownership of the associated

---

[2] Plaintiffs attach additional text messages to their response to Serratos's motion to dismiss that were not included in the live pleading. *See* Dkt. 33 at 12–15. "A district court is limited to considering the contents of the pleadings and the attachments thereto when deciding a motion to dismiss under Rule 12(b)(6)." *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016). Accordingly, I cannot consider these text messages. Even if I could consider these text messages, however, the result would be the same, as the messages do not show any misrepresentations by Serratos.

business entity."). Thus, according to the express allegations in the Second Amended Complaint, K & J Flooring is nothing more than a business name for Martinez in her personal capacity; it is not a de facto general partnership.

Second, the allegation Plaintiffs make in their response to the motion to dismiss—that K & J Flooring is a general partnership or a de facto partnership—is nowhere to be found in Plaintiffs' complaint. Under the Texas Revised Partnership Act ("TRPA"), a partnership is "an association of two or more persons to carry on a business for profit as owners." Tex. Bus. Org. Code § 152.051(b). To determine whether a partnership exists, courts consider five factors: (1) the right to receive a share of profits; (2) expression of an intent to be business partners; (3) participation or the right to participate in control of the business; (4) agreement to share, or actual sharing of, losses or liability for third-party claims against the business; and (5) agreement to contribute, or actual contribution of, money or property to the business. *Id.* § 152.052(a).

In describing the Defendants' flooring business, Plaintiffs allege on "information and belief" that "Defendants held themselves out as the business's owners and decision-makers, jointly controlled its operations, benefitted financially from the transaction, and were involved in negotiating, supervising, and performing the flooring work at issue." Dkt. 24 at 2. Plaintiffs do not, however, provide any factual support for these conclusory allegations. The Fifth Circuit has held that allegations that "do little more than repeat the partnership formation factors . . . are insufficient" to survive a motion to dismiss. *Peykoff v. Cawley*, No. 24-10186, 2025 WL 1380070, at *3 (5th Cir. May 13, 2025).

Addressing some of the partnership factors in their response to Serratos's motion to dismiss, Plaintiffs inject a series of text messages and website screenshots—not attached to or referenced in their complaint—to support their assertions. *See* Dkt. 33 at 5–6. As mentioned above, this is improper. *See Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016). In determining

5

whether Plaintiffs have stated a claim, I may consider only the live complaint and the evidence attached to it or referenced within it.

But Plaintiffs' arguments as to partnership formation fail even if I consider the new arguments and evidence raised in their response. Plaintiffs argue that Serratos received a share of the profits because Martinez requested payment from Plaintiffs on Serratos's behalf. *See* Dkt. 33 at 5. There is one problem with that argument: requesting *payment* does not demonstrate that Serratos had a right to receive a share of K & J Flooring's *profits*. At most, the text messages suggest that Serratos may have received some of the business's "gross revenue," which is not indicative of profit sharing. *Ingram v. Deere*, 288 S.W.3d 886, 898 (Tex. 2009) (holding that receipt of gross revenues was not indicative of a right to receive a share of profits). Plaintiffs vaguely allege that both Defendants "benefitted financially from the transaction," without explaining *how* each Defendant benefitted financially. Dkt. 24 at 2. Simply put, there are no facts alleged to support the assertion that Serratos had a right to share in K & J Flooring's profits.

Plaintiffs further maintain that "Serratos had significant control in the business and made key business decisions, such as purchasing and billing." Dkt. 33 at 6. But purchasing and billing do not indicate control over a business. Rather, control over a business is shown by the "right to make executive decisions," such as "writ[ing] checks on a business's checking account, control over and access to a business's books, and receiving and managing all of a business's assets and monies." *Sewing v. Bowman*, 371 S.W.3d 321, 334 (Tex. App.—Houston [1st Dist.] 2012, pet. dism'd); *see also Big Easy Cajun Corp. v. Dall. Galleria Ltd.*, 293 S.W.3d 345, 349 (Tex. App.—Dallas 2009, pet. denied) (holding that administrative tasks are not evidence of controlling a business). Plaintiffs do not offer any well-pleaded facts to support that Serratos was an owner of K & J Flooring as opposed to an employee. Thus, Plaintiffs fail to allege that Serratos had significant control indicative of a partner.

6

Finally, Plaintiffs argue that because Defendants "were married and had three children together," Defendants must have shared in the losses and liabilities of K & J Flooring. *Id.* Setting aside that Plaintiffs do not allege in the Second Amended Complaint that Defendants share in the losses and liabilities of the business, Defendants' marriage, standing alone, is irrelevant to establishing whether they share in K & J Flooring's losses and liabilities. Nor does Defendants' marriage shed light on whether Defendants intended to form a business partnership. "Referring to a . . . spouse . . . as a 'partner' in a colloquial sense is not legally sufficient evidence of expression of intent to form a business partnership." *Ingram*, 288 S.W.3d at 900.

In sum, Plaintiffs have not offered well-pleaded factual allegations to support any of the five statutory partnership factors. "[A]n absence of any evidence of the factors will preclude the recognition of a partnership under Texas law." *Id.* at 898. Accordingly, I grant Serratos's motion to dismiss the DTPA claim.

**B.    BREACH OF CONTRACT CLAIM**

Serratos argues that Plaintiffs' breach of contract claim against him fails because Plaintiffs' Second Amended Complaint "contains no allegation that Serratos signed an agreement, had contracting authority, or otherwise entered into a contract with Plaintiffs in his personal capacity." Dkt. 30 at 3–4. I agree.

Plaintiffs claim they entered into a valid and enforceable agreement with K & J Flooring in early February 2024. *See* Dkt. 24 at 3. Plaintiffs also state that K & J Flooring is a trade name duly registered in Harris County under which Martinez does business. *See id.* at 2. But Plaintiffs advance no allegations to support that they had a contract with Serratos.

Plaintiffs contend that "[b]y directing, authorizing, and participating in the communications that formed the initial contract and its later modifications, Serratos played a direct and integral role in contract formation" and that "both Defendants were parties to the agreement and jointly responsible for the obligations and misrepresentations arising from it." Dkt. 33 at 8. These are nothing

7

more than naked assertions unsupported by factual allegations. Plaintiffs do not attach any written communication or text messages with Serratos to their complaint, nor do they offer any factual allegations describing Serratos's conduct in orally negotiating, forming, or modifying the contract. Conclusory assertions and threadbare recitals are simply not enough. *See Iqbal*, 556 U.S. at 678.

Further, by improperly "lumping [Martinez and Serratos] together and failing to identify specific actions of [Serratos]" in their complaint, Plaintiffs fail "to raise an inference of plausible liability" against Serratos. *Callier v. Nat'l United Grp., LLC*, No. EP-21-cv-71, 2021 WL 5393829, at *4 (W.D. Tex. Nov. 17, 2021); *see also Owens v. Jastrow*, 789 F.3d 529, 537 (5th Cir. 2015) (The Fifth Circuit "has rejected the group pleading doctrine.").

For all these reasons, I grant Serratos's motion to dismiss Plaintiffs' breach of contract claim.

## CONCLUSION

Serratos's motion to dismiss (Dkt. 30) is granted. Plaintiffs' claims against Serratos are dismissed without prejudice.[3]

SIGNED this 20th day of February 2026.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

[3] The deadline to amend pleadings has passed. *See* Dkt. 29 at 1. If Plaintiffs wish to amend their complaint, they must file a motion for leave and demonstrate good cause under Rule 16(b)(4).